■ CITIMORTGAGE, INC., Appellant, v NIGEL PARRIS et al., Respondents, et al., Defendants. [26 NYS3d 46]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered May 18, 2015, which denied plaintiff's motion for summary judgment, and granted defendants Nigel Parris and Marcine Parris's cross motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, plaintiff's motion granted, defendants' cross motion denied, and the matter remanded for further proceedings.

The consolidated mortgage documents did not require plaintiff to provide defendants with a notice of default prior to foreclosure. The "Consolidation, Extension, and Modification Agreement" executed by defendants and the original lender states that the terms set forth in the consolidated mortgage "will supersede all terms, covenants, and provisions" of the preceding mortgages. Although the original mortgage required the lender to provide defendants with a 30-day notice of default and an opportunity to cure prior to foreclosure, the consolidated mortgage did not contain such a requirement. In any event, the record establishes that plaintiff provided notice of default.

The record also establishes that plaintiff became an assignee of the note by physical delivery in March 2009; the consolidated mortgage passed to it incident to the note (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]). At the very least, at the time of the notice of default, plaintiff was the lender's servicing agent, with authority to accept payment, collect the debt, and send notices of default. Defendants do not dispute this.

We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.