Mahopac Bank v Vignogna (2018 NY Slip Op 07302)





Mahopac Bank v Vignogna


2018 NY Slip Op 07302


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-05807
 (Index No. 55493/14)

[*1]Mahopac Bank, respondent, 
v
George Vignogna, et al., appellants, et al., defendants.


James Marsico, PLLC, Purchase, NY (Joseph E. Ruyack III of counsel), for appellants.
Spain & Spain, P.C., Mahopac, NY (Bonnie N. Feinzig of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants George Vignogna and Barbara Vignogna appeal from a judgment of foreclosure and sale of the Supreme Court, Westchester County (Sam D. Walker, J.), entered April 28, 2017. The judgment, upon an order of the same court dated March 10, 2017, granting the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, directed the sale of the subject premises. By decision and order on motion dated August 4, 2017, this Court, inter alia, granted the appellants' motion to stay enforcement of the judgment, including the sale of the subject premises, pending hearing and determination of the appeal.
ORDERED that the judgment is affirmed, with costs.
In 2014, the plaintiff commenced this action to foreclose a mortgage given by the defendants George Vignogna and Barbara Vignogna (hereinafter together the defendants). In their answer, the defendants asserted, inter alia, the affirmative defenses of failure to comply with conditions precedent, in that the defendants did not receive a 90-day notice pursuant to RPAPL 1304, or a 30-day notice of default. The plaintiff moved, among other things, for summary judgment on the complaint, and the defendants cross-moved for dismissal of the complaint insofar as asserted against them. A framed-issue hearing was held on the issue of the preparation and the service of both the 90-day notice pursuant to RPAPL 1304 and a purported 30-day notice, which only provided 28 days, rather than 30 days, for the defendants to cure their default. Following the hearing, the Supreme Court held that both the 30-day notice and 90-day notice pursuant to RPAPL 1304 had been properly prepared and served by the plaintiff upon the defendants and that the plaintiff satisfied those conditions precedent.
Thereafter, the Supreme Court granted the plaintiff's motion for summary judgment on the complaint and for an order of reference, and denied the defendant's cross motion for dismissal of the complaint. Following the filing of the Referee's report, the plaintiff moved to confirm the report and for a judgment of foreclosure and sale. The defendants opposed the motion, once again alleging that the plaintiff failed to properly serve the defendants with an adequate notice of default. The court granted the motion in an order dated March 10, 2017, and entered a judgment of foreclosure and sale. The defendants appeal from the judgment.
Contrary to the defendants' contention, the terms of the home equity loan that the mortgage secured did not contain a contractual obligation for the plaintiff to provide the defendants with a 30-day notice of default (see CitiMortgage, Inc. v Parris, 136 AD3d 592).
The Supreme Court's finding that the plaintiff established compliance with the condition precedent of properly serving the RPAPL 1304 notice by certified and first-class mail on the defendants at least 90 days prior to commencement of this action is supported by the record, and we see no reason to disturb its determination (see RPAPL 1304 [2]; Flagstar Bank,FSB v Mendoza, 139 AD3d 898, 900).
The defendants' remaining contention is unpreserved for appellate review.
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion to confirm the Referee's report and for a judgment of foreclosure and sale, and to direct the sale of the subject premises.
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court