HSBC Bank USA, National Association, as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2006-AR2, Respondent, v Sharona Spitzer et al., Appellants, et al., Defendants. [18 NYS3d 67]—

In an action to foreclose a mortgage, the defendants Sharona Spitzer and Eliyahu Spitzer, also known as Eliot Spitzer, appeal from (1) an order of the Supreme Court, Rockland County (Loehr, J.), entered January 31, 2013, which granted the plaintiff's motion, inter alia, for summary judgment on the complaint and dismissing their affirmative defenses, and for an order of reference, and (2) an order of the same court, also entered January 31, 2013, which, among other things, directed the dismissal of their affirmative defenses and appointed a referee to determine the amount due to the plaintiff.

Ordered that the orders are affirmed, with one bill of costs.

To establish a prima facie case in an action to foreclose a

mortgage, a plaintiff must produce "the mortgage, the unpaid note, and evidence of default" (*Emigrant Mtge. Co., Inc. v Beckerman*, 105 AD3d 895, 895 [2013]). "Where, as here, standing is put into issue by a defendant, 'the plaintiff must prove its standing in order to be entitled to relief' " (*Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627, 628 [2014], *affd* 25 NY3d 355 [2015], quoting *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). A plaintiff has standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361; *Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d 931, 932 [2013], quoting *Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]).

Contrary to the defendants' contention, the Supreme Court did not err in concluding that the plaintiff established standing to commence this foreclosure action, as the affidavit of Leon Mirasol, a vice president of loan documentation for the plaintiff's loan servicer, established that the plaintiff had physical possession of the note at the time the action was commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 979 [2015]; *Wells Fargo Bank, N.A. v Arias*, 121 AD3d 973 [2014]; *Kondaur Capital Corp. v McCary*, 115 AD3d 649 [2014]).

The plaintiff further sustained its burden of demonstrating its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the note, and the affidavit of Mirasol, attesting to the default of the defendants Sharona Spitzer and Eliyahu Spitzer, also known as Eliot Spitzer, in the repayment of their mortgage loan obligation (*see Emigrant Mtge. Co., Inc. v Beckerman*, 105 AD3d 895 [2013]). In opposition, the Spitzers failed to raise a triable issue of fact. Although the defendant AJ Mendel Group, Inc., appeared in the action, it did not oppose the motion. The remaining defendants failed to appear in the action.

Accordingly, the Supreme Court properly granted the plaintiff's motion, inter alia, for summary judgment on the complaint and dismissing the appellants' affirmative defenses, and for an order of reference. Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.