WELLS FARGO BANK, NA, Respondent, v JAMES ANTHONY GALLAGHER et al., Appellants, et al., Defendants. [28 NYS3d 84]—

In an action to foreclose a mortgage, the defendants James Anthony Gallagher and Patricia Gallagher appeal, as limited by their brief, from so much of an order of the Supreme Court,

Nassau County (Adams, J.), entered January 16, 2014, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce "the mortgage, the unpaid note, and evidence of default" (*Emigrant Mtge. Co., Inc. v Beckerman*, 105 AD3d 895, 895 [2013] [internal quotation marks omitted]; *see Wells Fargo Bank, N.A. v Charlaff*, 134 AD3d 1099 [2015]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206, 1206-1207 [2015]). Additionally, where, as here, the plaintiff's standing is placed in issue by a defendant, the plaintiff must prove its standing as part of its prima facie showing (*see Deutsche Bank Natl. Trust Co. v Idarecis*, 133 AD3d 702 [2015]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d at 1207; *Wachovia Mtge. Corp. v Lopa*, 129 AD3d 830, 830-831 [2015]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 360-362 [2015]; *Deutsche Bank Natl. Trust Co. v Idarecis*, 133 AD3d 702 [2015]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d at 1207). A plaintiff may demonstrate that it is the holder or assignee of the underlying note "by showing either a written assignment of the underlying note or the physical delivery of the note" (*U.S. Bank N.A. v Guy*, 125 AD3d 845, 846-847 [2015]; *see Deutsche Bank Natl. Trust Co. v Idarecis*, 133 AD3d 702 [2015]; *Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d 52, 59 [2015]).

Here, contrary to the appellants' contention, the Supreme Court did not err in concluding that the plaintiff, Wells Fargo Bank, NA (hereinafter Wells Fargo), established, prima facie, that it had standing to commence this foreclosure action. Among other things, Wells Fargo submitted the affidavit of a vice president of loan documentation, Shae E. Herman, which sufficiently demonstrated that, at the time the action was commenced, Wells Fargo had physical possession of the note, which included an endorsement to Wells Fargo (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355 [2015]; *LNV Corp. v Francois*, 134 AD3d 1071 [2015]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d at 1207; *Wells Fargo Bank, N.A. v Parker*, 125 AD3d 848, 850 [2015]; *Wells Fargo Bank, N.A. v Arias*, 121 AD3d 973 [2014]; *cf. Wells Fargo Bank, NA v Burke*, 125 AD3d 765, 766-

767 [2015]). Moreover, while the mortgage passes with the note as an incident thereto and its possession or assignment is not dispositive of Wells Fargo's standing (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362), Wells Fargo also presented evidence that the mortgage was assigned to it prior to the commencement of the action (*see Loancare v Firshing*, 130 AD3d 787, 789 [2015]; *HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773, 774 [2015]). Additionally, Wells Fargo established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the appellants' default in repayment of the loan (*see LNV Corp. v Francois*, 134 AD3d 1071 [2015]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d at 1207). In opposition, the appellants failed to raise a triable issue of fact. Their contention that Herman's affidavit constituted inadmissible hearsay is without merit.

Accordingly, the Supreme Court properly granted that branch of Wells Fargo's motion which was for summary judgment on the complaint insofar as asserted against the appellants. Balkin, J.P., Hall, Roman and Maltese, JJ., concur.