■ FLAGSTAR BANK, FSB, Respondent, v INGRID MENDOZA et al., Appellants, et al., Defendants. [32 NYS3d 278]—

In an action to foreclose a mortgage, the defendants Ingrid Mendoza, Jose Mendoza, and Christopher Mendoza appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Raffaele, J.), entered March 11, 2014, as granted those branches of the plaintiff's motion which were

for summary judgment on the complaint insofar as asserted against them and to appoint a referee, and denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2008, the defendants Ingrid Mendoza, Jose Mendoza, and Christopher Mendoza (hereinafter collectively the appellants) obtained a mortgage loan from Nationwide Equities Corp. (hereinafter Nationwide). The appellants do not dispute that they defaulted on their mortgage payments in October of 2010. In May 2011, the plaintiff commenced this action to foreclose on the appellants' mortgage.

To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce "the mortgage, the unpaid note, and evidence of default" (*Emigrant Mtge. Co., Inc. v Beckerman*, 105 AD3d 895, 895 [2013] [internal quotation marks omitted]; *see Wells Fargo Bank, N.A. v Charlaff*, 134 AD3d 1099 [2015]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206, 1206-1207 [2015]). Additionally, where, as here, the plaintiff's standing is placed in issue by a defendant, the plaintiff must prove its standing as part of its prima facie showing (*see HSBC Bank USA, N.A. v Spitzer*, 131 AD3d at 1207; *Wachovia Mtge. Corp. v Lopa*, 129 AD3d 830, 830-831 [2015]). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced" (*Wells Fargo Bank, N.A. v Gallagher*, 137 AD3d 898, 899 [2016]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 360-362 [2015]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d at 1207). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (*Onewest, F.S.B. v Goddard*, 131 AD3d 1028, 1029 [2015]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753-754 [2009]). Here, in support of its motion, the plaintiff produced the mortgage, the unpaid note, and evidence of default. In addition, by submitting the note, which included an endorsement by Nationwide to the plaintiff, and affidavits by the plaintiff's foreclosure analysts that the plaintiff obtained possession of the note by physical delivery prior to commencing the instant foreclosure action, as evidenced by the plaintiff's tracking bar code system, the plaintiff demonstrated, prima facie, that it had standing to commence the action (*see Aurora Loan Servs., LLC v Taylor*, 25

NY3d 355 [2015]; *Wells Fargo Bank, N.A. v Gallagher*, 137 AD3d 898 [2016]; *LNV Corp. v Francois*, 134 AD3d 1071 [2015]). Since "physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361), the appellants' arguments regarding the validity and timing of the mortgage assignment failed to raise a triable issue of fact in opposition.

In addition, the plaintiff submitted an affidavit of an associate attorney with the firm that represented the plaintiff, in which the attorney described the firm's standard business practice with regard to sending RPAPL 1304 90-day notices to borrowers, and affirmed, based on the business records he reviewed regarding the subject loan, that the notices had been sent out to the appellants in compliance with the requirements of RPAPL 1304. The plaintiff also submitted copies of the RPAPL 1304 notices sent to the appellants and copies of the domestic return receipts, with date of delivery and signature of one of the appellants. The plaintiff thereby tendered sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304 (*see Zarabi v Movahedian*, 136 AD3d 895, 895 [2016]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 106 [2011]; *cf. Bank of N.Y. Mellon v Aquino*, 131 AD3d 1186, 1187 [2015]). The evidence establishing the appropriate mailing of the required notices created a rebuttable presumption that the intended recipients actually received them (*see Grogg v South Rd. Assoc., L.P.*, 74 AD3d 1021, 1022 [2010]; *see also Emigrant Mtge. Co., Inc. v Persad*, 117 AD3d 676, 677 [2014]). In opposition, the appellants failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellants, and to appoint a referee. For the same reasons, the Supreme Court properly denied the appellants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. Hall, J.P., Cohen, Miller and Barros, JJ., concur.