■ DYER TRUST 2012-1, Respondent, v GLOBAL WORLD REALTY, INC., et al., Appellants, et al., Defendants. [33 NYS3d 414]—

In an action to foreclose a mortgage, the defendants Global World Realty Inc., Haron Zubli, Daniel Joory, and Oxygen, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), entered February 18, 2014, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against them, and denied their cross motion to compel discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to foreclose a mortgage secured by real property owned by the defendant Global World Realty, Inc., and guaranteed by the defendants Haron Zubli and Daniel Joory (hereinafter collectively the Global defendants), alleging that they defaulted on the terms of the mortgage by failing to make payments on the note. The defendant Oxygen, Inc. (hereinafter Oxygen), is a tenant in the subject

property. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the Global defendants and Oxygen, and those defendants cross-moved to compel the plaintiff to comply with their discovery demands. The Supreme Court, inter alia, granted that branch of the plaintiff's motion, and denied the cross motion.

The Supreme Court correctly concluded that the plaintiff established, prima facie, that it had standing to commence this action. "Where, as here, standing is put into issue by a defendant, 'the plaintiff must prove its standing in order to be entitled to relief'" (*Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627, 628 [2014], *affd* 25 NY3d 355 [2015], quoting *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]; *see Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362; *Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980 [2015]; *Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d 931, 932 [2013]). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362; *Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d at 932; *Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 912 [2013]).

Here, the plaintiff established, through admissible evidence, its standing as the holder of the note by demonstrating that the note was transferred to it from the original lender by assignment and allonge dated June 22, 2012, which was prior to the commencement of this action (*see Aurora Loan Servs., LLC v Taylor*, 114 AD3d at 628).

Furthermore, the plaintiff established its entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the Global defendants' default in payment (*see Loancare v Firshing*, 130 AD3d 787 [2015]; *HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773, 774 [2015]; *One W. Bank, FSB v DiPilato*, 124 AD3d 735 [2015]). In opposition, the Global defendants and Oxygen failed to raise a triable issue of fact as to any bona fide defense to foreclosure (*see Wells Fargo Bank, N.A. v DeSouza*, 126 AD3d 965 [2015]; *Washington Mut. Bank v Schenk*, 112 AD3d 615, 616 [2013]).

While the "court may deny a motion for summary judgment

if 'it appear[s] from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated[,]' [i]t is incumbent upon the opposing party to provide an evidentiary basis to suggest that discovery might lead to relevant evidence" (*Suero-Sosa v Cardona*, 112 AD3d 706, 707-708 [2013], quoting CPLR 3212 [f]; *see Lauriello v Gallotta*, 59 AD3d 497, 498-499 [2009]; *Brewster v Five Towns Health Care Realty Corp.*, 59 AD3d 483, 484 [2009]). Here, the Global defendants and Oxygen failed to set forth such a basis, and the mere " 'hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the motion' " (*Suero-Sosa v Cardona*, 112 AD3d at 708, quoting *Savage v Quinn*, 91 AD3d 748, 750 [2012]). For the same reasons, the Supreme Court properly denied the cross motion to compel discovery.

The remaining contentions of the Global defendants and Oxygen, raised for the first time on appeal, are not properly before this Court (*see Community Preserv. Corp. v Bridgewater Condominiums, LLC*, 89 AD3d 784, 785 [2011]; *Dance Magic, Inc. v Pike Realty, Inc.*, 85 AD3d 1083, 1089 [2011]). Leventhal, J.P., Chambers, Hinds-Radix and Connolly, JJ., concur.