◼ JPMorgan Chase Bank, National Association, Respondent, v Leah Weinberger, Appellant, et al., Defendants. [37 NYS3d 286]—

In an action to foreclose a mortgage, the defendant Leah Weinberger appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Kings County (Walker, J.), dated March 24, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against her and for an order of reference, and denied her cross motion to compel certain discovery, and (2) from a judgment of foreclosure and sale of the same court dated December 21, 2015, which, upon the order, is in favor of the plaintiff and against her, among other things, directing the sale of the subject premises.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment of foreclosure and sale is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (*see* CPLR 5501 [a] [1]).

The plaintiff, JPMorgan Chase Bank, National Association, commenced this action against, among others, the defendant Leah Weinberger (hereinafter the homeowner) to foreclose a mortgage. Annexed to the complaint was a certified copy of the note, which had been endorsed in blank. The bank moved, inter alia, for summary judgment on the complaint insofar as asserted against the homeowner and for an order of reference. In support of its motion, the bank submitted, among other things, an affidavit from one of its vice presidents, who stated that based upon her review of the bank's business records, which were maintained by the bank in the ordinary course of its business, the bank was in physical possession of the note at the time the action was commenced. The homeowner opposed the bank's motion and cross-moved to compel certain discovery. In an order dated March 24, 2015, the Supreme Court granted the bank's motion and denied the homeowner's cross motion. The court subsequently entered a judgment of foreclosure and sale upon the order.

To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (*see HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206, 1206-1207 [2015]; *Emigrant Mtge. Co., Inc. v Beckerman*, 105 AD3d 895, 895 [2013]). Additionally, where, as here, the plaintiff's standing is placed in issue by a defendant, the plaintiff must prove its standing as part of its prima facie showing (*see Flagstar Bank, FSB v Mendoza*, 139 AD3d 898 [2016]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note" (*Dyer Trust 2012-1 v Global World Realty, Inc.*, 140 AD3d 827, 828 [2016]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *Flagstar Bank, FSB v Mendoza*, 139 AD3d 898 [2016]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an

inseparable incident" (*Dyer Trust 2012-1 v Global World Realty, Inc.*, 140 AD3d at 828; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362).

Here, the bank established, prima facie, that it had standing to prosecute this action by demonstrating that it was in physical possession of the note, which was annexed to the complaint, at the time the action was commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 362; *Deutsche Bank Natl. Trust Co. v Leigh*, 137 AD3d 841, 842 [2016]; *Emigrant Bank v Larizza*, 129 AD3d 904, 905 [2015]). The homeowner's contention that the vice president's affidavit was insufficient to establish the bank's standing since it failed to give factual details as to the physical delivery of the note is without merit. "An indorsement in blank specifies no particular indorsee and may consist of a mere signature. An instrument payable to order and indorsed in blank becomes payable to bearer and may be negotiated by delivery alone until specially indorsed" (UCC 3-204 [2]). " 'Bearer' means . . . a person in possession of a negotiable instrument" (UCC 1-201 [b] [5]). There is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it (*see* UCC 3-204 [2]). Moreover, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 362).

The bank further sustained its burden of demonstrating its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the note, and the affidavit of its vice president, attesting to the homeowner's default in the repayment of her mortgage loan obligation (*see Deutsche Bank Natl. Trust Co. v Naughton*, 137 AD3d 1199, 1200 [2016]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d at 1206-1207; *Emigrant Mtge. Co., Inc. v Beckerman*, 105 AD3d at 895).

In opposition, the homeowner failed to raise a triable issue of fact. Since "physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361), the homeowner's arguments regarding the validity and timing of the mortgage assignment failed to raise a triable issue of fact (*see Flagstar Bank, FSB v Mendoza*, 139 AD3d 898 [2016]). Furthermore, the homeowner's contention that discovery was needed to permit her to investigate the timing and validity of

the mortgage assignment did not provide a sufficient basis for denying the bank's motion (*see Dyer Trust 2012-1 v Global World Realty, Inc.*, 140 AD3d at 828-829).

The homeowner's remaining contention, raised for the first time on appeal, is not properly before this Court.

Accordingly, the Supreme Court properly granted those branches of the bank's motion which were for summary judgment on the complaint insofar as asserted against the homeowner and for an order of reference, and properly denied the homeowner's cross motion to compel certain discovery. Hall, J.P., Austin, Miller and Maltese, JJ., concur.