CitiMortgage, Inc. v McKenzie (2018 NY Slip Op 03659)





CitiMortgage, Inc. v McKenzie


2018 NY Slip Op 03659


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-00131
 (Index No. 11169/13)

[*1]CitiMortgage, Inc., respondent, 
v
John A. McKenzie, et al., appellants, et al., defendants.


John A. McKenzie, New York, NY, and Sacha Singh, Baldwin, NY, appellants pro se.
Akerman LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants John A. McKenzie and Sacha Singh appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 4, 2015. The order granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants John A. McKenzie and Sacha Singh and to appoint a referee, and denied the cross motion of the defendants John A. McKenzie and Sacha Singh for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
In August 2010, the defendants John A. McKenzie and Sacha Singh (hereinafter together the defendants) executed a note in the sum of $360,150 in favor of Cole Taylor Bank, an Illinois Chartered Bank, which was secured by a mortgage encumbering real property in Baldwin. In September 2013, the plaintiff commenced this action to foreclose the mortgage, alleging that the defendants defaulted under the terms of the note by failing to make the payment due on June 1, 2012, and all payments due thereafter. The defendants served an answer asserting affirmative defenses, including that the plaintiff failed to comply with RPAPL 1304 and lacked standing to commence the action. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and to appoint a referee. The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them, arguing that the plaintiff lacked standing and failed to strictly comply with RPAPL 1304. In the order appealed from, the Supreme Court granted those branches of the plaintiff's motion and denied the defendants' cross motion. The defendants appeal.
To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001; HSBC Bank, USA v Hagerman, 130 AD3d 683, 683-684; Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). In addition, "[w]here, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by [a] defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief" (Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974 [internal quotation marks omitted]; see Security Lending, Ltd. v New Realty Corp., 142 AD3d 986, 987; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684; Deutsche Bank Natl. Trust Co. v Cunningham, 142 AD3d 634, 635). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was [*2]commenced, it was either the holder or assignee of the underlying note" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Flagstar Bank, FSB v Mendoza, 139 AD3d 898). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d at 828; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362).
Here, attached to the plaintiff's complaint was a copy of the underlying note, to which was annexed an allonge dated August 8, 2010. The allonge, which made the note payable to the plaintiff, also bore a separate blank endorsement by the plaintiff making the note payable to bearer. Thus, the plaintiff established, prima facie, that it had standing to commence this action by demonstrating that it was the holder of the note when the action was commenced (see Nationstar Mtge., LLC v Catizone, 127 AD3d 1151, 1152; see also Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). Additionally, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Leigh, 137 AD3d 841, 842). Further, the plaintiff established, prima facie, that it strictly complied with the requirements of RPAPL 1304 (see Citimortgage, Inc. v Banks, 155 AD3d 936; Flagstar Bank, FSB v Mendoza, 139 AD3d at 900).
In opposition, the defendants failed to raise a triable issue of fact (see Onewest Bank, N.A. v Mahoney, 154 AD3d 770, 772).
Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and to deny the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them.
ROMAN, J.P., LASALLE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court