Aurora Loan Servs., LLC v Vrionedes (2018 NY Slip Op 08622)





Aurora Loan Servs., LLC v Vrionedes


2018 NY Slip Op 08622


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-00874
 (Index No. 9845/11)

[*1]Aurora Loan Services, LLC, respondent,
v Chris Vrionedes, appellant, et al., defendants.


Law Office of Lawrence Katz PLLC, Cedarhurst, NY, for appellant.
Akerman LLP, New York, NY (Jordan M. Smith and Ashley Miller of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Chris Vrionedes appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 30, 2015. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and dismissing the 6th affirmative defense and the 16th affirmative defense/6th counterclaim asserted by that defendant, and to appoint a referee to compute the amount due.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing the 16th affirmative defense/6th counterclaim asserted by the defendant Chris Vrionedes, and to appoint a referee, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff, Aurora Loan Services, LLC (hereinafter the bank), commenced this action against, among others, the defendant Chris Vrionedes (hereinafter the homeowner), to foreclose a mortgage. Annexed to the complaint was a copy of the note, which had been endorsed in blank.
The homeowner thereafter interposed an answer and counterclaims. As relevant here, the 6th affirmative defense alleged that the bank lacked standing. The 16th affirmative defense/6th counterclaim alleged that the bank failed to comply with RPAPL 1304.
The bank subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the homeowner and dismissing the 6th affirmative defense and the 16th affirmative defense/6th counterclaim asserted by him, and to appoint a referee to compute the amount due. In an order entered November 30, 2015, the Supreme Court, among other things, granted those branches of the bank's motion. The homeowner appeals, and we modify.
To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see HSBC Bank USA, N.A. v Spitzer, 131 AD3d 1206, 1206-1207; Emigrant Mtge. Co., Inc. v Beckerman, 105 AD3d 895, 895). Additionally, where, as here, the plaintiff's standing is placed in issue by a defendant, the plaintiff must prove its standing as part of its prima facie showing (see Flagstar Bank, FSB v Mendoza, 139 AD3d 898; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Flagstar Bank, FSB v Mendoza, 139 AD3d at 899). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d at 828; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362).
Here, the bank established, prima facie, that it had standing to prosecute this action by demonstrating that it was in physical possession of the note, which was annexed to the complaint, at the time the action was commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; Deutsche Bank Natl. Trust Co. v Leigh, 137 AD3d 841, 842; Emigrant Bank v Larizza, 129 AD3d 904, 905). Inasmuch as the mortgage "passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d at 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361), the homeowner's arguments regarding the validity and timing of the mortgage assignment failed to raise a triable issue of fact in opposition (see Flagstar Bank, FSB v Mendoza, 139 AD3d at 900). The homeowner's remaining contention with respect to this branch of the bank's motion is improperly raised for the first time on appeal (cf. HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d 983, 985). Since the homeowner failed to raise a triable issue of fact in opposition to the bank's prima facie showing, we agree with the Supreme Court's determination granting that branch of the bank's motion which was for summary judgment dismissing the 6th affirmative defense (cf. US Bank N.A. v Weinman, 123 AD3d 1108, 1109-1110).
However, the bank failed to sustain its initial burden with respect to those branches of its motion which were for summary judgment on the complaint and dismissing the 16th affirmative defense/6th counterclaim, and to appoint a referee. "Although not jurisdictional, proper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a residential foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825-826; see Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860). "The statute requires that such notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower" (CitiMortgage, Inc. v Pappas, 147 AD3d 900, 901; see RPAPL 1304[2]).
"Although an affidavit of service may be a preferable method for a plaintiff to prove that it mailed the RPAPL 1304 notices in accordance with the statute, that is not the only method by which a residential foreclosure plaintiff may establish that it properly mailed the required notice" (HSBC Bank USA, N.A. v Ozcan, 154 AD3d at 826 [citation omitted]; see Flagstar Bank, FSB v Mendoza, 139 AD3d at 900). As this Court has previously observed, "[t]here is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (Citigroup v Kopelowitz, 147 AD3d 1014, 1015; see HSBC Bank USA, N.A. v Ozcan, 154 AD3d at 826). "[M]ailing may be proved by any number of documents meeting the requirements of the business records exception to the hearsay rule under CPLR 4518" (HSBC Bank USA, N.A. v Ozcan, 154 AD3d at 826; see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 508; CitiMortgage, Inc. v Pappas, 147 AD3d at 901).
Here, the bank failed to submit an affidavit of service, or proof of mailing by the post [*2]office, evincing that it properly served the defendant pursuant to RPAPL 1304. Contrary to the Supreme Court's conclusion, the affidavit of the employee of the plaintiff's successor in interest failed to establish that the notices were sent to the defendant in the manner required by RPAPL 1304. The affiant did not aver that she was familiar with the mailing practices and procedures of the entity that allegedly sent the RPAPL 1304 notice. Accordingly, her affidavit did not establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed (see CitiMortgage, Inc. v Pappas, 147 AD3d at 901; Lindsay v Paternack Tilker Ziegler Walsh Stanton & Romano LLP, 129 AD3d 790, 793; Nocella v Fort Dearborn Life Ins. Co. of N.Y., 99 AD3d 877). Nor was the affidavit of the employee of the plaintiff's successor in interest sufficient to lay a foundation for the admission of business records to establish a proper mailing. The affiant did not state that the records of the entity that allegedly sent the RPAPL 1304 notice had been incorporated into the records of the plaintiff's successor in interest and were routinely relied upon by the successor in interest in its business (cf. People v Cratsley, 86 NY2d 81, 90-91; Bank of Am., N.A. v Brannon, 156 AD3d 1, 8; State of New York v 158th St. & Riverside Dr. Hous. Co., Inc., 100 AD3d 1293, 1296; Matter of Carothers v GEICO Indem. Co., 79 AD3d 864, 865; People v DiSalvo, 284 AD2d 547, 548-549; Plymouth Rock Fuel Corp. v Leucadia, Inc., 117 AD2d 727, 728). Since the bank's submissions failed to establish, prima facie, that the 90-day notice required by RPAPL 1304 was properly mailed to the homeowner, the court should have denied those branches of the bank's motion which were for summary judgment on the complaint insofar as asserted against the homeowner and dismissing the 16th affirmative defense/6th counterclaim asserted by the homeowner, and to appoint a referee. The issue of compliance with RPAPL 1304 will be determined at trial.
In light of the foregoing, we need not reach the parties' remaining contentions.
SCHEINKMAN, P.J., LEVENTHAL, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court