Wells Fargo Bank, N.A. v Sakizada (2019 NY Slip Op 00162)





Wells Fargo Bank, N.A. v Sakizada


2019 NY Slip Op 00162


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
BETSY BARROS, JJ.


2015-11776
 (Index No. 20241/12)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Yaacov Sakizada, appellant, et al., defendants.


Joseph A. Altman, P.C., Bronx, NY, for appellant.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, and Heather R. Gushue of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Yaacov Sakizada appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dufficy, J.), dated September 10, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer, and for the appointment of a referee to ascertain and compute the amount due, and denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellant, to strike his answer, and for the appointment of a referee to ascertain and compute the amount due, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff, Wells Fargo Bank, N.A., commenced this action to foreclose a consolidated mortgage given by the defendant Yaacov Sakizada to secure a consolidated note in the amount of $536,250. Sakizada answered the complaint, and, inter alia, asserted the affirmative defenses of lack of standing and failure to provide notice of default. After the action was released from the mandatory settlement part when no settlement was reached, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Sakizada, to strike his answer, and for the appointment of a referee to ascertain and compute the amount due. Sakizada opposed the motion, and cross-moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted the motion and denied the cross motion, and Sakizada appeals.
To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). However, where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, [*2]973-974). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Flagstar Bank, FSB v Mendoza, 139 AD3d 898). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d at 828; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754).
Here, the plaintiff established, prima facie, that it had standing by demonstrating that it had physical possession of the consolidated note at the time it commenced the action, as evidenced by its attachment of the consolidated note, endorsed in blank, to the summons and complaint (see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822; U.S. Bank N.A. v Sabloff, 153 AD3d 879; U.S. Bank N.A. v Cox, 148 AD3d 962).
Contrary to Sakizada's contention, " [t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it'" (Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 863, quoting JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). "Further, where the note is affixed to the complaint, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date'" (Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d at 863, quoting JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362).
Sakizada's contention that the attachment of a copy of the note to the complaint was insufficient to demonstrate that the plaintiff had possession of the original note at the time the action was commenced is raised for the first time in Sakizada's reply brief on appeal, to which the plaintiff has had no opportunity to respond and, therefore, is not properly before this Court (see U.S. Bank N.A. v Dellarmo, 128 AD3d 680; Bank of Am., N.A. v Valentino, 127 AD3d 904; Sudit v Roth, 98 AD3d 1106).
In opposition to the plaintiff's prima facie showing, Sakizada failed to raise a triable issue of fact. Since the mortgage passes with the debt as an inseparable incident (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d at 828; U.S. Bank, N.A. v Collymore, 68 AD3d at 754), Sakizada's arguments regarding the validity of the mortgage assignment failed to raise a triable issue of fact (see JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; Flagstar Bank, FSB v Mendoza, 139 AD3d at 900).
Similarly, Sakizada failed to demonstrate his prima facie entitlement to judgment as a matter of law on that branch of his cross motion which was for summary judgment dismissing the complaint insofar as asserted against him for lack of standing (see Citicorp Mtge. v Adams, 153 AD3d 779; Wells Fargo Bank, N.A. v Talley, 153 AD3d 583; Aurora Loan Servs., LLC v Komarovsky, 151 AD3d 924; Aurora Loans Servs., LLC v Mandel, 148 AD3d 965).
However, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Sakizada, to strike his answer, and for the appointment of a referee to ascertain and compute the amount due should have been denied. The statements in the affidavit of the plaintiff's employee that was submitted in support of the motion failed to establish, prima facie, that the affiant mailed the required notice of default to Sakizada by first-class mail on any particular date, or actually delivered such notice to the designated address if sent by other means, which was required by the terms of the mortgage as a condition precedent to foreclosure (see U.S. Bank N.A. v Sabloff, 153 AD3d at 880-881; Emigrant Bank v Myers, 147 AD3d 1027; US Bank N.A. v Singh, 147 AD3d 1007; GMAC Mtge., LLC v Bell, 128 AD3d 772).
The plaintiff's failure to make a prima facie showing in this regard required the denial of those branches of its motion, regardless of the sufficiency of the opposition papers (see US Bank [*3]N.A. v Singh, 147 AD3d at 1008; Nationstar Mtge., LLC v Dimura, 127 AD3d 1152, 1153; HSBC Mtge. Corp. [USA] v Gerber, 100 AD3d 966, 967). Moreover, Sakizada was not entitled to summary judgment dismissing the complaint insofar as asserted against him on the same ground, since he failed to present sufficient evidence to demonstrate, prima facie, that the condition precedent was not fulfilled (see U.S. Bank N.A. v Sabloff, 153 AD3d at 881).
DILLON, J.P., AUSTIN, SGROI and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court