Bank of N.Y. Mellon v Hosein (2019 NY Slip Op 03559)





Bank of N.Y. Mellon v Hosein


2019 NY Slip Op 03559


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-11400
 (Index No. 704936/15)

[*1]Bank of New York Mellon, etc., appellant,
v
Rasheed Hosein, respondent, et al., defendants.


Davidson Fink LLP, Rochester, NY (Larry T. Powell of counsel), for appellant.
Steven Zalewski & Associates, P.C., Kew Gardens, NY (Matthew J. Routh of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered September 21, 2016. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Rasheed Hosein and to appoint a referee to compute the amount due to the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Rasheed Hosein and to appoint a referee to compute the amount due to the plaintiff are granted.
The plaintiff commenced this action against Rasheed Hosein (hereinafter the defendant), among others, to foreclose a mortgage secured by certain real property located in Queens. The defendant interposed an answer which asserted, among other things, that the plaintiff lacked standing. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and to appoint a referee to compute the amount due to the plaintiff. The defendant opposed the motion. The Supreme Court denied the plaintiff's motion, finding that the plaintiff lacked standing to commence this action. The plaintiff appeals.
The plaintiff established, prima facie, its standing as the holder of the note by demonstrating that the note was in its possession at the time it commenced the action, as evidenced by its attachment of the note endorsed in blank to the summons and complaint at the time the action was commenced (see U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862). Contrary to the defendant's contention, "[t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; see Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d at 863). Additionally, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the defendant's default in repayment of the loan (see Wells Fargo Bank, N.A. v Gallagher, 137 AD3d 898, 900).
In opposition, the defendant failed to raise a triable issue of fact. Contrary to the defendant's contention, where, as here, the evidence establishes that the plaintiff had physical possession of the note at the time of the commencement of the action, the validity of the various assignments of the mortgage is irrelevant to the issue of standing (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 362; New York Community Bank v McClendon, 138 AD3d 805, 807).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and to appoint a referee to compute the amount due to the plaintiff.
AUSTIN, J.P., LEVENTHAL, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court