US Bank N.A. v Sabharwal (2019 NY Slip Op 06643)





US Bank N.A. v Sabharwal


2019 NY Slip Op 06643


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-10625 
2016-10626
 (Index No. 543/15)

[*1]US Bank N.A., etc., respondent,
v Satnam K. Sabharwal, appellant.


Law Offices of Andew P. Saulitis P.C., New York, NY, for appellant.
The Margolin & Weinreb Law Group, LLP (Adam Leitman Bailey, P.C., New York, NY [Jeffrey R. Metz, Adam M. Swanson, and Courtney J. Lerias], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Satnam K. Sabharwal appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 11, 2016, and (2) an order of the same court entered August 15, 2016. The order entered August 11, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Satnam K. Sabharwal, to strike that defendant's answer, and for an order of reference. The order entered August 15, 2016, insofar as appealed from, granted the same relief, struck that defendant's answer, and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the appeal from the order entered August 11, 2016, is dismissed, as the portions of that order appealed from were superseded by the order entered August 15, 2016; and it is further,
ORDERED that the order entered August 15, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In June 2004, the defendant Satnam K. Sabharwal (hereinafter the defendant) borrowed the sum of $2,800,000 from Virtualbank, a Division of Lydian Private Bank (hereinafter Virtualbank). The loan was evidenced by a note (hereinafter the 2004 note) and secured by a mortgage encumbering real property in Oyster Bay. On or about May 2, 2007, the defendant borrowed an additional sum from Luxury Mortgage Corp. (hereinafter Luxury), and executed and delivered to Luxury a note (hereinafter the 2007 note) in the principal sum of $2,425,000. A mortgage securing that debt was given to Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Luxury. By a consolidation, extension and modification agreement dated May 2, 2007, the 2004 and 2007 note were consolidated into a single debt evidenced by a promissory note payable to Luxury (hereinafter the consolidated note) in the principal sum of $5,225,000.
In January 2015, the plaintiff commenced this action against the defendant, among others, inter alia, to foreclose the subject mortgages. The defendant interposed a verified answer generally denying the allegations in the complaint and asserting various affirmative defenses. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant opposed the motion. In an order entered August 11, 2016, the Supreme Court granted the plaintiff's motion. By order entered August 15, 2016, the court granted the plaintiff's motion, struck the defendant's answer, and appointed a referee to ascertain and compute the amount due to the plaintiff. The defendant appeals.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689; see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). Additionally, where, as here, a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628, affd 25 NY3d 355). A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Dyer Trust 2012—1 v Global World Realty, Inc., 140 AD3d 827, 828).
Here, the plaintiff established, prima facie, its standing to commence the action by demonstrating that the consolidated note was in its possession when it commenced the action, as evidenced by its attachment of a copy of the consolidated note, endorsed in blank, to the summons and complaint when the action was commenced (see Wells Fargo Bank, N.A. v Inigo, 164 AD3d 545, 546; CitiMortgage, Inc. v McKenzie, 161 AD3d 1040, 1041; U.S. Bank N.A. v Henry, 157 AD3d 839, 841; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011). Contrary to the defendant's contention, since the consolidated note was affixed to the complaint, it was unnecessary for the plaintiff to give factual details of the delivery in order to establish that possession was obtained prior to a particular date (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; U.S. Bank N.A. v Henry, 157 AD3d at 841; Wells Fargo Bank, N.A. v Thomas, 150 AD3d 1312, 1313; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). Moreover, we need not address the validity of the various assignments of mortgage contained in the record (U.S. Bank, N.A. v Collymore, 68 AD3d at 754). The plaintiff also established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the consolidated note, and evidence of default. In opposition, the defendant failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562-563).
The defendant's remaining contention, that Virtualbank and Luxury, among others, were necessary parties to the action, is without merit. Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference.
DILLON, J.P., CHAMBERS, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court