U.S. Bank NA v Balis (2020 NY Slip Op 01948)





U.S. Bank NA v Balis


2020 NY Slip Op 01948


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-00476
 (Index No. 708188/15)

[*1]U.S. Bank NA, etc., respondent,
v
George Balis, appellant, et al., defendants.


Lieb at Law, P.C., Center Moriches, NY (Dennis C. Valet of counsel), for appellant.
Shapiro, Dicaro & Barak, LLC (Parker Ibrahim & Berg LLP, New York, NY [Scott W. Parker], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant George Balis appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered October 18, 2017. The order, insofar as appealed from, upon a decision of the same court entered June 13, 2017, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and to strike his answer and affirmative defenses, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
We agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant George Balis (hereinafter the defendant) and to strike his answer and affirmative defenses, and appointing a referee to compute the amount due to the plaintiff. Contrary to the defendant's contention, the plaintiff established, prima facie, that it had standing to commence this action by demonstrating that it had physical possession of the note prior to the commencement of the action, as evidenced by its attachment of the note, which was endorsed in blank, to the summons and complaint at the time the action was commenced (see Deutsche Bank Natl. Trust Co. v Cardona, 172 AD3d 1313; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). In opposition, the defendant failed to raise a triable issue of fact. Therefore, we affirm the order insofar as appealed from (see Deutsche Bank Natl. Trust Co. v Cardona, 172 AD3d 1313).
RIVERA, J.P., MALTESE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court