Wilmington Sav. Fund Socy., FSB v Blum (2025 NY Slip Op 04744)

Wilmington Sav. Fund Socy., FSB v Blum

2025 NY Slip Op 04744

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2023-11284
 (Index No. 712023/22)

[*1]Wilmington Savings Fund Society, FSB, etc., appellant,
v
Suzanne Blum, respondent, et al., defendants.

Friedman Vartolo LLP, Garden City, NY (Stephen J. Vargas of counsel), for appellant.
Hogan & Cassell, LLP, Jericho, NY (Michael Cassell of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered July 3, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Suzanne Blum and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Suzanne Blum (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Rockaway Park. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order entered July 3, 2023, the Supreme Court, among other things, denied those branches of the plaintiff's motion, concluding that material issues of fact existed regarding the plaintiff's compliance with RPAPL 1304 and the notice of default provisions of the subject mortgage agreement. The plaintiff appeals.
The record demonstrates that the plaintiff's attorney complied with the notice of default provisions of the subject mortgage agreement (see Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 900) through the submission of a contemporaneous affidavit of mailing and notices on the letterhead of the law firm, in envelopes listing the return address of the law firm.
However, pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "'Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action'" (NS194, LLC v Gregg, 231 AD3d 1162, 1162, quoting U.S. Bank N.A. v Adams, 202 AD3d 867, 868). "'A plaintiff demonstrates its compliance with the statute by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing [*2]procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (id. at 1162-1163, quoting U.S. Bank N.A. v Adams, 202 AD3d at 868; see CIT Bank N.A. v Schiffman, 36 NY3d 550, 556). As the plaintiff correctly contends, "RPAPL 1304 does not preclude an attorney acting on behalf of a lender from sending RPAPL 1304 notices" (Ocwen Loan Servicing LLC v Siame, 185 AD3d 408, 409; see Flagstar Bank, FSB v Mendoza, 139 AD3d at 900).
Here, the plaintiff relies on a contemporaneous affidavit of mailing of Michael Buscemi, among other things, to demonstrate its compliance with RPAPL 1304. Buscemi averred, in relevant part, that he sent copies of the subject 90-day notice to the defendant at the subject property via certified and first-class mail. However, Buscemi failed to aver to his employer, and the plaintiff failed to demonstrate, that Buscemi was somehow affiliated with the plaintiff's counsel or otherwise authorized to send the 90-day notice on behalf of the plaintiff. The notices were sent in envelopes with a return address in California for the plaintiff. Accordingly, the Supreme Court properly determined that the plaintiff failed to demonstrate, prima facie, its strict compliance with RPAPL 1304.
Since the plaintiff failed to satisfy its prima facie burden with respect to its strict compliance with RPAPL 1304, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference were properly denied regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; NS194, LLC v Gregg, 231 AD3d at 1163-1164).
The parties' remaining contentions are without merit.
BARROS, J.P., BRATHWAITE NELSON, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court