■ Nationstar Mortgage, LLC, Respondent, v Michael Dimura et al., Appellants, et al., Defendants. [7 NYS3d 573]—

In an action to foreclose a mortgage, the defendants Michael Dimura and Jacqueline Dimura appeal from an order of the Supreme Court, Orange County (Slobod, J.), dated April 1, 2014, which, upon a decision of the same court also dated April 1, 2014, granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants Michael Dimura and Jacqueline Dimura is denied.

The plaintiff failed to establish its prima facie entitlement to judgment as a matter of law. In support of its motion, the plaintiff did not demonstrate that it complied with the condition precedent contained in the subject mortgage agreement, which required that it provide the defendants Michael Dimura and Jacqueline Dimura (hereinafter together the defendants) with a notice of default prior to demanding payment of the loan in full. The evidence did not establish that the required notice was mailed by first class mail or actually delivered to the notice address if sent by other means, as required by the terms of the mortgage agreement (*see Wells Fargo Bank, N.A. v Eisler*, 118 AD3d 982, 982-983 [2014]; *HSBC Mtge. Corp. [USA] v Gerber*, 100 AD3d 966, 966-967 [2012]; *Norwest Bank Minn. v Sabloff*, 297 AD2d 722, 723 [2002]). The plaintiff's failure to make a prima facie showing required the denial of its motion, regardless of the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Roman, Sgroi and Duffy, JJ., concur.