◼ US Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset-Backed Securities I LLC, Asset-Backed Certificates, Series 2004-AC7, Respondent, v Gurdeep Singh, Appellant, et al., Defendants. [47 NYS3d 439]—

In an action to foreclose a mortgage, the defendant Gurdeep Singh appeals (1) from an order of the Supreme Court, Queens County (D. Hart, J.), entered April 30, 2015, and (2), as limited by her brief, from so much of an order of the same court, also entered April 30, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against her and for an order of reference.

Ordered that the appeal from the first order entered April 30, 2015, is dismissed, as that order was superseded by the second order entered April 30, 2015; and it is further,

Ordered that the second order entered April 30, 2015, is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Gurdeep Singh and for an order of reference are denied, and the first order entered April 30, 2015, is vacated.

In support of that branch of its motion which was for summary judgment on the complaint insofar as asserted against the defendant Gurdeep Singh (hereinafter the defendant), the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law. The plaintiff did not demonstrate that it complied with the condition precedent contained in the subject mortgage agreement, which required that it provide the defendant with a notice of default prior to demanding payment of the loan in full. The evidence did not establish that the required notice was mailed by first-class mail or actually delivered to the defendant's "notice address" if sent by other means, as required by the terms of the mortgage agreement (*see Nationstar Mtge., LLC v Dimura*, 127 AD3d 1152, 1153

[2015]; *Wells Fargo Bank, N.A. v Eisler*, 118 AD3d 982, 982-983 [2014]; *HSBC Mtge. Corp. [USA] v Gerber*, 100 AD3d 966, 967 [2012]). The plaintiff's failure to make a prima facie showing required the denial of its motion, regardless of the sufficiency of the defendant's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendant's remaining contention need not be reached in light of the above determination.

Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment. Leventhal, J.P., Sgroi, LaSalle and Barros, JJ., concur.