■ U.S. Bank National Association, as Trustee for the CSAB Mortgage Loan Trust 2006-2, Respondent, v Warren Sabloff, Appellant, et al., Defendants. [60 NYS3d 343]—

In an action to foreclose a mortgage, the defendant Warren Sabloff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered April 14, 2015, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against him, and denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Warren Sabloff and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant, and a subsequent order of the same court entered August 16, 2016, is vacated.

In 2013, the plaintiff commenced this action to foreclose a mortgage given by the defendants Warren Sabloff (hereinafter Sabloff) and Ellen Sabloff as security for a note executed by Sabloff in the sum of $1,500,000. In his answer, Sabloff asserted the affirmative defenses of, inter alia, lack of standing and failure to give notice of default as required by the terms of the mortgage. Thereafter, the plaintiff moved, among other things, for summary judgment on the complaint, and Sabloff cross-moved for summary judgment dismissing the complaint

insofar as asserted against him. The Supreme Court granted the plaintiff's motion and denied the cross motion, and Sabloff appeals.

"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (*Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]; *see Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d 683, 684 [2016]). Where standing is put into issue by a defendant, the plaintiff must prove its standing in order to be entitled to relief (*see Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627, 628 [2014], *affd* 25 NY3d 355 [2015]). A plaintiff in a mortgage foreclosure action has standing where it is the holder of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]; *U.S. Bank N.A. v Handler*, 140 AD3d 948, 949 [2016]). Either a written assignment of the underlying note or the physical delivery of the note is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (*see US Bank, N.A. v Zwisler*, 147 AD3d 804, 805 [2017]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]).

Here, the plaintiff demonstrated, prima facie, that it was a holder of the note at the time the action was commenced, as evidenced by its attachment of the note, endorsed in blank, to the summons and complaint at the time the action was commenced (*see U.S. Bank N.A. v Saravanan*, 146 AD3d 1010 [2017]; *Deutsche Bank Natl. Trust Co. v Logan*, 146 AD3d 861 [2017]; *Nationstar Mtge., LLC v Weisblum*, 143 AD3d 866 [2016]). In opposition, Sabloff failed to tender evidence sufficient to raise a triable issue of fact as to the plaintiff's standing.

Similarly, Sabloff failed to demonstrate his prima facie entitlement to judgment as a matter of law on that branch of his cross motion which was for summary judgment dismissing the complaint insofar as asserted against him for lack of standing (*see DLJ Mtge. Capital, Inc. v Pittman*, 150 AD3d 818 [2017]; *Bank of N.Y. Mellon v Green*, 132 AD3d 706 [2015]).

However, that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Sabloff should have been denied, since the evidence submitted in support of the motion failed to establish, prima facie, that the required notice of default was in fact mailed to Sabloff by first-class mail, or actually delivered to the designated address if sent by other means, which was required by

the terms of the mortgage as a condition precedent to foreclosure (*see Emigrant Bank v Myers*, 147 AD3d 1027 [2017]; *Citimortgage, Inc. v Espinal*, 134 AD3d 876, 879 [2015]; *GMAC Mtge., LLC v Bell*, 128 AD3d 772 [2015]; *Wells Fargo Bank, N.A. v Eisler*, 118 AD3d 982 [2014]; *HSBC Mtge. Corp. [USA] v Gerber*, 100 AD3d 966, 967 [2012]). The plaintiff's failure to make a prima facie showing in this regard required the denial of that branch of its motion, regardless of the sufficiency of Sabloff's opposition papers (*see US Bank N.A. v Singh*, 147 AD3d 1007, 1008 [2017]; *Nationstar Mtge., LLC v Dimura*, 127 AD3d 1152, 1153 [2015]). Moreover, Sabloff was not entitled to summary judgment dismissing the complaint on the same ground, since he failed to present sufficient evidence to demonstrate, prima facie, that the condition precedent was not fulfilled (*see* CPLR 3015 [a]). Mastro, J.P., Dillon, Cohen and Brathwaite Nelson, JJ., concur.