■ BANK OF NEW YORK MELLON, Formerly Known as BANK OF NEW YORK, as Trustee for the Benefit of the Certificateholders, CWALT, INC., ALTERNATIVE LOAN TRUST 2007-3T1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-3T1, Respondent, v SAFRAZ ALLI et al., Appellants, et al., Defendants. [66 NYS3d 291]—

Appeal from an order of the Supreme Court, Queens County (Howard G. Lane, J.), dated February 17, 2016. The order, insofar as appealed from, upon a decision of that court dated October 13, 2015, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Safraz Alli and Bibi Shameena Alli and for an order of reference.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Safraz Alli and Bibi Shameena Alli and for an order of reference are denied.

On February 23, 2005, Safraz Alli (hereinafter the defendant) executed a note in the sum of $445,500 in favor of CIT Group/Consumer Finance, Inc., which was secured by a mortgage on residential property located in Queens (hereinafter the premises). The mortgage was executed by the defendant and Bibi Shameena Alli (hereinafter together the defendants). On January 24, 2007, the defendant executed a note in the sum of $22,728.51 in favor of America's Wholesale Lender,

which was also secured by a mortgage on the premises. Pursuant to a consolidation, extension, and modification agreement, the notes and mortgages were consolidated into a single lien in the sum of $460,000. The defendant executed a consolidated note dated January 24, 2007, and the defendants executed a consolidated mortgage. By assignment of mortgage dated March 17, 2010, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for America's Wholesale Lender, assigned the consolidated mortgage, "TOGETHER with the bond or note or obligation described in said mortgage," to the plaintiff.

In May 2010, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. The defendants served an answer, asserting the affirmative defense that the plaintiff lacked standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, and for an order of reference. The defendants opposed the motion, arguing that the plaintiff failed to establish, prima facie, that it had standing to commence the action. In an order dated February 17, 2016, the Supreme Court, upon a decision dated October 13, 2015, granted the motion. The defendants appeal.

"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (*Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d 1001, 1002 [2015] [internal quotation marks omitted]; *see Hudson City Sav. Bank v Genuth*, 148 AD3d 687 [2017]). Where a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (*see Deutsche Bank Trust Co. Ams. v Garrison*, 147 AD3d 725 [2017]; *Wells Fargo Bank, N.A. v Arias*, 121 AD3d 973, 973-974 [2014]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *U.S. Bank, N.A. v Noble*, 144 AD3d 786 [2016]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753-754 [2009]). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (*see Deutsche Bank Trust Co. Ams. v Garrison*, 147 AD3d at 726; *U.S. Bank N.A. v Saravanan*, 146 AD3d 1010, 1011 [2017];

*Deutsche Bank Natl. Trust Co. v Logan*, 146 AD3d 861, 862 [2017]).

Here, the plaintiff failed to meet its prima facie burden of establishing its standing (*see Wells Fargo Bank, N.A. v Talley*, 153 AD3d 583 [2017]). In support of its motion, the plaintiff submitted the affidavit of Dara Foye, a document coordinator for Bayview Loan Servicing, LLC (hereinafter Bayview), the loan servicer. Foye averred, based on her review of Bayview's business records, that the original, endorsed consolidated note was delivered to the plaintiff on January 24, 2007, and that the plaintiff "maintained possession of the original note since that date up until and including the date the action was commenced on May 24, 2010." However, the plaintiff failed to demonstrate the admissibility of the records relied upon by Foye under the business records exception to the hearsay rule (*see* CPLR 4518 [a]), since Foye did not attest that she was personally familiar with the record-keeping practices and procedures of the plaintiff (*see Wells Fargo Bank, N.A. v Talley*, 153 AD3d at 583; *Arch Bay Holdings, LLC v Albanese*, 146 AD3d 849, 853 [2017]; *Aurora Loan Servs., LLC v Baritz*, 144 AD3d 618, 620 [2016]; *Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d 683, 685 [2016]). The plaintiff also failed to establish its standing based on the purported assignment of the note and mortgage to it by MERS, as it failed to submit any evidence establishing delivery or assignment of the note to MERS prior to its execution of the assignment to the plaintiff (*see Arch Bay Holdings, LLC v Albanese*, 146 AD3d at 853). Since the plaintiff failed to meet its prima facie burden, the Supreme Court should have denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, without regard to the sufficiency of the defendants' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Balkin, J.P., Leventhal, Austin and Iannacci, JJ., concur.