PNC Bank, N.A. v Salcedo (2018 NY Slip Op 03628)





PNC Bank, N.A. v Salcedo


2018 NY Slip Op 03628


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Friedman, J.P., Sweeny, Kahn, Oing, JJ.


6596A 6596N

[*1] PNC Bank, National Association, Plaintiff-Appellant,
v
Franklin Salcedo, et al., Defendants-Respondents, First Franklin Financial, etc., et al., Defendants.


Fein, Such & Crane LLP, Westbury (Andrew M. Grenell of counsel), for appellant.
E. Waters & Associates, P.C., Jamaica (Edward J. Waters of counsel), for respondents.



Order, Supreme Court, Bronx County (Fernando Tapia, J.),
entered on or about October 8, 2015, which denied plaintiff's motion for summary judgment and for a referee to compute, and order, same court and Justice, entered on or about September 1, 2016, which effectively granted reargument but adhered to the original determination, unanimously reversed, on the law, without costs, the motion for summary judgment granted, and the matter remanded for appointment of a referee to compute and ascertain the amount due plaintiff on the mortgage.
Plaintiff established its prima facie entitlement to judgment of foreclosure as a matter law by providing evidence of the note and mortgage, and proof of defendant's default (Bank of Am., N.A. v Brannon, 156 AD3d 1, 6 [1st Dept 2017]). Plaintiff has met its burden to establish standing to commence a foreclosure action (Bank of N.Y. Mellon v Alli, 156 AD3d 597, 598 [2d Dept 2017]). The affidavit of plaintiff's custodian was sufficient to establish possession of the endorsed note prior to the commencement of the foreclosure action (see HSBC Bank USA, N.A. v Sage, 112 AD3d 1126, 1127 [3d Dept 2013], lv dismissed 23 NY3d 1015 [2014]). Thus, despite any factual issues raised by the undated allonges (U.S. Bank N.A. v Askew, 138 AD3d 402 [1st Dept 2016]), and even if the written assignment was deficient as to the note, plaintiff "may nevertheless establish its standing by demonstrating that the note was in its possession or that it was delivered prior to the commencement of this action" (Wells Fargo Bank, N.A. v Ndiaye, 146 AD3d 684, 684 [1st Dept 2017]; see also U.S. Bank N.A. v Brjimohan, 153 AD3d 1164, 1165 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK