Bank of Am., N.A. v Kljajic (2019 NY Slip Op 00087)





Bank of Am., N.A. v Kljajic


2019 NY Slip Op 00087


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-00805
2016-00806
 (Index No. 17271/13)

[*1]Bank of America, N.A., respondent, 
v
Vinko Kljajic, et al., appellants, et al., defendants.


Lester & Associates, P.C., Garden City, NY (Gabriel R. Korinman of counsel), for appellants.
Reed Smith, LLP, New York, NY (Andrew B. Messite and Kerren Zinner of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Vinko Kljajic and Violet Kljajic appeal from two orders of the Supreme Court, Queens County (Robert J. MacDonald), both dated August 13, 2015. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Vinko Kljajic and Violet Kljajic, and for an order of reference. The second order, insofar as appealed from, granted the same relief and referred the matter to a referee to compute the amount due on the mortgage loan.
ORDERED that the first order is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Vinko Kljajic and Violet Kljajic, and for an order of reference are denied, and so much of the second order as granted those branches of the plaintiff's motion and referred the matter to a referee to compute the amount due on the mortgage loan is vacated; and it is further,
ORDERED that the appeal from the second order is dismissed as academic in light of our determination on the appeal from the first order; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
The plaintiff commenced this action against the defendants Vinko Kljajic and Violet Kljajic (hereinafter together the defendants), and others, seeking to foreclose a mortgage given by the defendants to Wells Fargo Home Mortgage, Inc., as security for a note. In their answer, the defendants asserted various affirmative defenses, including lack of standing, failure to comply with RPAPL 1304, and failure to serve a notice of default in accordance with the terms of the mortgage. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The Supreme Court granted the plaintiff's motion, and the defendants appeal.
"To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default" (Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 899 [internal quotation marks omitted]). Additionally, where, as here, the plaintiff's standing has been placed in issue by the defendants' answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see id. at 899). In a foreclosure action, a plaintiff has standing if it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Aurora Loan Servs., LLC v Mercius, 138 AD3d 650). "Either a written assignment of the underlying note or the physical delivery of the note . . . is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361).
The plaintiff established, prima facie, that it had standing by demonstrating that it had physical possession of the note at the time it commenced the action, as evidenced by its attachment of the note, endorsed in blank, to the summons and complaint (see Wells Fargo Bank, N.A. v Frankson, 157 AD3d 844; U.S. Bank N.A. v Henry, 157 AD3d 839; U.S. Bank N.A. v Sabloff, 153 AD3d 879; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643).
In opposition, the defendants failed to tender evidence sufficient to raise a triable issue of fact as to the plaintiff's standing (see U.S. Bank N.A. v Sabloff, 153 AD3d at 880). The defendants' contention that the supporting affidavit of Krysta Johnson, vice president of Wells Fargo Bank, N.A., the plaintiff's loan servicer and attorney-in-fact, was insufficient to establish the plaintiff's standing since it failed to give factual details as to the physical delivery of the note, is without merit (see JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645). "An indorsement in blank specifies no particular indorsee and may consist of a mere signature. An instrument payable to order and indorsed in blank becomes payable to bearer and may be negotiated by delivery alone until specially indorsed" (UCC 3-204[2]). " Bearer' means . . . a person in possession of a negotiable instrument" (UCC 1-201[b][5]). "There is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it (see UCC 3-204[2])" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; see Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d at 493). Further, where the note is affixed to the complaint, "it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d at 863).
Nevertheless, the Supreme Court should not have granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, since the evidence submitted in support of the motion failed to establish, prima facie, the plaintiff's strict compliance with RPAPL 1304 (see U.S. Bank N.A. v Henry, 157 AD3d 839; Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890; Invs. Sav. Bank v Salas, 152 AD3d 752; Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049; Citibank, N.A. v Wood, 150 AD3d 813), or that the required notice of default was in fact mailed to the defendants by first-class mail, or actually delivered to the designated address if sent by other means, which was required by the terms of the mortgage as a condition precedent to foreclosure (see U.S. Bank N.A. v Sabloff, 153 AD3d at 881; Emigrant Bank v Myers, 147 AD3d 1027; US Bank N.A. v Singh, 147 AD3d 1007; GMAC Mtge., LLC v Bell, 128 AD3d 772; Wells Fargo Bank, N.A., v Eisler, 118 AD3d 982; HSBC Mtge. Corp. [USA] v Gerber, 100 AD3d 966). The plaintiff's failure to make a prima facie showing required the denial of its motion, regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; US Bank N.A. v Singh, 147 AD3d at 1007-1008).
In light of our determination, we need not reach the defendants' remaining contentions.
LEVENTHAL, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court