LNV Corp. v Sofer (2019 NY Slip Op 02860)





LNV Corp. v Sofer


2019 NY Slip Op 02860


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-09543
2016-09561
2017-06285
2017-06287
 (Index No. 507614/14)

[*1]LNV Corporation, respondent, 
v
Agnetta Sofer, appellant, et al., defendants.


Harvey Sorid, Uniondale, NY, for appellant.
Stein Wiener & Roth, LLP, Carle Place, NY (Mojdeh Malekan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a consolidated mortgage, the defendant Agnetta Sofer appeals from (1) an order of Supreme Court, Kings County (Noach Dear, J.), dated July 19, 2016, (2) an order of the same court, also dated July 19, 2016, (3) an order of the same court dated April 28, 2017, and (4) a judgment of foreclosure and sale of the same court, also dated April 28, 2017. The first order dated July 19, 2016, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Agnetta Sofer, to strike that defendant's answer and affirmative defenses, and to appoint a referee, and denied that branch of the cross motion of the defendant Agnetta Sofer which was for summary judgment dismissing the complaint insofar as asserted against her. The second order dated July 19, 2016, among other things, directed the appointment of a referee. The order dated April 28, 2017, inter alia, granted the plaintiff's motion for a judgment of foreclosure and sale. The judgment of foreclosure and sale is in favor of the plaintiff and against the defendant Agnetta Sofer directing the sale of the subject premises.
ORDERED that the appeals from the two orders dated July 19, 2016, and the order dated April 28, 2017, are dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, without costs or disbursements, the plaintiff's motion for a judgment of foreclosure and sale is denied, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Agnetta Sofer, to appoint a referee, and to strike that defendant's answer and affirmative defenses, except for the first, fifth, and sixth affirmative defenses, are denied, the two orders dated July 19, 2016, and the order dated April 28, 2017, are modified accordingly, and the answer of the defendant Agnetta Sofer is reinstated except for the first, fifth, and sixth affirmative defenses.
The appeals from the two orders dated July 19, 2016, and the order dated April 28, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of [*2]the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
On July 7, 2006, the defendant Agnetta Sofer (hereinafter the defendant) executed a promissory note (hereinafter the first note) in the amount of $641,250 in favor of American Home Mortgage (hereinafter American). The first note was secured by a mortgage (hereinafter the first mortgage) in favor of American encumbering real property located in Brooklyn. On April 13, 2007, the defendant executed a second promissory note (hereinafter the second note) in the amount of $215,767.88 in favor of American. As security for the second note, the defendant executed a second mortgage (hereinafter the second mortgage) in favor of American encumbering the same property. On April 13, 2007, the defendant also executed a consolidation, extension, and modification agreement (hereinafter CEMA) which consolidated the first and second notes and mortgages into a single consolidated note in the amount of $857,000 in favor of American secured by a consolidated mortgage in favor of American, encumbering the same property. The defendant and the plaintiff subsequently executed a loan modification agreement dated March 25, 2011, consolidating the CEMA, the consolidated note, and the consolidated mortgage, and adding an "additional principal amount" of $171,194.09 to the existing amount, creating a "new principal balance" of $1,026,947.44. The defendant thereafter allegedly defaulted by failing to make the monthly installment payments due August 1, 2012, and thereafter.
In August 2014, the plaintiff commenced this action to foreclose the consolidated mortgage. The defendant interposed an answer in which she asserted, inter alia, several affirmative defenses, including that the plaintiff lacked standing, and that the plaintiff failed to comply with RPAPL 1303 and 1304, and with the notice of default provision in paragraph 22 of the consolidated mortgage.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and affirmative defenses, and to appoint a referee. The defendant cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her. In two orders, both dated July 19, 2016, the Supreme Court granted the plaintiff's motion, denied the defendant's cross motion, and appointed a referee to compute the amount due and owing the plaintiff. In an order dated April 28, 2017, the court, inter alia, granted the plaintiff's motion for a judgment of foreclosure and sale, and on the same day, a judgment of foreclosure and sale directed the sale of the subject premises. The defendant appeals from the orders and the judgment of foreclosure and sale.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (U.S. Bank N.A. v Sabloff, 153 AD3d 879, 880 [internal quotation marks omitted]). However, where, as here, the plaintiff's standing has been placed in issue by a defendant, "the plaintiff must prove its standing as part of its prima facie showing" (U.S. Bank N.A. v Henry, 157 AD3d 839, 840; see Bank of N.Y. Mellon v Lopes, 158 AD3d 662, 663). "In a mortgage foreclosure action, a plaintiff has standing where it is the holder or assignee of the underlying note at the time the action is commenced" (Arch Bay Holdings, LLC v Albanese, 146 AD3d 849, 851-852). "Either a written assignment of the underlying note or the physical delivery of the note . . . is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank N.A. v Henry, 157 AD3d at 840-841 [internal quotation marks omitted]; see Bank of N.Y. Mellon v Alli, 156 AD3d 597, 598).
Here, the plaintiff established through the affidavit of Julia E. Green, vice president of CLMG Corp., the document custodian for the plaintiff, that it had standing by demonstrating that it obtained physical possession of the original consolidated note on February 27, 2009, and was in possession of the consolidated note at the time of the commencement of the action (see Wells Fargo Bank, N.A. v Inigo, 164 AD3d 545, 546). In opposition, the defendant failed to raise a triable issue of fact. Moreover, on her cross motion, the defendant failed to establish her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her based on the [*3]plaintiff's lack of standing, as the defendant failed to provide evidence that the plaintiff was not in possession of the consolidated note at the time of the commencement of the action (see generally Deutsche Bank Nat. Trust Co. v Homar, 163 AD3d 522, 523).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in considering Green's affidavit, which was submitted with the plaintiff's papers in opposition to the defendant's cross motion and in further support of its motion (see Central Mtge. Co. v Jahnsen, 150 AD3d 661, 664). While "[a] party moving for summary judgment generally cannot meet its prima facie burden by submitting evidence for the first time in reply . . . , there are exceptions to the general rule, including . . . when the other party is given an opportunity to respond to the reply papers" (id. at 664). Here, the defendant had an opportunity to respond to Green's affidavit in her reply papers in further support of her cross motion.
Further, contrary to the defendant's contention, the plaintiff established, prima facie, that it provided notice in compliance with RPAPL 1303 by submitting the process server's affidavit of service on the defendant, in which the process server stated that he served the summons and complaint, together with a "1303 NOTICE-Help for Homeowners in Foreclosure in bold fourteen-point type and printed on colored paper, and the title to the notice printed in twenty-point type in compliance with RPAPL Sect 1303" (see RPAPL 1303; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 827-828). The statement in the affidavit of service that the notice was on colored paper was sufficient to comply with the language in the statute stating that the notice shall "be printed on colored paper that is other than the color of the summons and complaint" (RPAPL 1303[2]; see HSBC Bank USA, N.A. v Ozcan, 154 AD3d at 827-828). Moreover, the defendant's bare and unsubstantiated denial of receipt of the RPAPL 1303 notice, without more, was insufficient to rebut the presumption of service created by the process server's affidavit (see Onewest Bank, N.A. v Mahoney, 154 AD3d 770, 772). For the same reasons, the defendant failed to establish her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her based on the plaintiff's alleged failure to comply with the requirements of RPAPL 1303
However, we agree with the defendant that the plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304. RPAPL 1304(1) provides that at least 90 days before a lender, an assignee, or a mortgage loan servicer commences an action to foreclose the mortgage on a home loan as defined in RPAPL 1304, such lender, assignee, or mortgage loan servicer must give notice to the borrower. RPAPL 1304(1) sets forth the requirements for the content of such notice and RPAPL 1304(2) further provides that such notice must be sent "by registered or certified mail and also by first-class mail" to the last known address of the borrower. "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (U.S. Bank N.A. v Henderson, 163 AD3d 601, 602 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 892; Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830).
Here, even considering the affidavit of Victoria Bressner submitted by the plaintiff for the first time in opposition to the defendant's cross motion, the plaintiff failed to establish strict compliance with RPAPL 1304. Bressner did not have personal knowledge of the purported mailing and did not make the requisite showing that she was familiar with the plaintiff's mailing practices and procedures to establish "proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed" (U.S. Bank N.A. v Henderson, 163 AD3d at 603 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d at 892). Moreover, the record indicates that the notices were not mailed by the plaintiff. The record indicates that the notices were mailed by an entity known as MGC Mortgage, Inc. (hereinafter MGC). Bressner does not address this fact at all, let alone demonstrate that she was familiar with MGC's mailing practices and procedures.
Furthermore, we agree with the defendant that the plaintiff failed to establish that it complied with the condition precedent contained in the consolidated mortgage regarding the notice [*4]of default. The plaintiff's reliance on the same affidavit that was submitted in connection with the RPAPL 1304 notice, for the reasons previously set forth, failed to establish that the required notice was mailed to the defendant by first-class mail or actually delivered to her "notice address" if sent by other means, as required by the consolidated mortgage (see Emigrant Bank v Myers, 147 AD3d 1027, 1028; GMAC Mtge., LLC v Bell, 128 AD3d 772, 773).
Accordingly, we disagree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defenses, except for the first affirmative defense (failure to comply with RPAPL 1303), and the fifth and sixth affirmative defenses (lack of standing), and to appoint a referee.
The defendant also failed to establish her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her based on the plaintiff's alleged failure to comply with the requirements of RPAPL 1304, and with the condition precedent contained in the consolidated mortgage regarding the notice of default. The bare denial of receipt, without more, as set forth in defendant's affidavit attesting that she had not received the RPAPL 1304 notice or the notice of default is insufficient to establish prima facie entitlement to judgment as a matter of law (see Citibank, N.A. v Conti-Scheurer, ____ AD3d ___ [Appellate Division Docket No. 2016-02042; decided herewith]; HSBC Bank USA, N.A. v Ozcan, 154 AD3d at 828).
Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court