PNMAC Mtge. Opportunity Fund Invs., LLC v Torres (2019 NY Slip Op 06523)





PNMAC Mtge. Opportunity Fund Invs., LLC v Torres


2019 NY Slip Op 06523


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-10871
2018-14844
2018-14845
 (Index No. 20760/13)

[*1]PNMAC Mortgage Opportunity Fund Investors, LLC, respondent, 
v
Eliecer Torres, et al., defendants, Arturo Torres, appellant.


Law Office of Maggio & Meyer, PLLC, Bohemia, NY (Holly C. Meyer of counsel), for appellant.
Friedman Vartolo, LLP, New York, NY (Ralph Vartolo of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Arturo Torres appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated June 21, 2016, (2) an order of the same court dated September 20, 2018, and (3) a judgment of foreclosure and sale of the same court, also dated September 20, 2018. The order dated June 21, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Arturo Torres and for an order of reference. The order dated September 20, 2018, granted the plaintiff's motion for a judgment of foreclosure and sale. The judgment of foreclosure and sale, inter alia, directed the sale of the subject property.
ORDERED that the appeals from the orders dated June 21, 2016, and September 20, 2018, are dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Arturo Torres and for an order of reference are denied, the plaintiff's motion for a judgment of foreclosure and sale is denied, and the orders dated June 21, 2016, and September 20, 2018, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Arturo Torres.
The appeals from the orders dated June 21, 2016, and September 20, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
In October 2006, the defendant Eliecer Torres executed a note in favor of CitiMortgage, Inc. As security for the note, Eliecer Torres and the defendant Arturo Torres [*2](hereinafter the appellant) executed and delivered to Mortgage Electronic Registration Systems, Inc., solely as nominee for CitiMortgage, Inc., a mortgage encumbering certain real property located in Brooklyn. In November 2013, the plaintiff, the purported holder of the note, commenced this action to foreclose the mortgage, alleging that Eliecer defaulted under the terms of the note by failing to make the payment due on October 1, 2010, and all payments due thereafter. The appellant served an answer asserting various affirmative defenses, including lack of standing and failure to comply with section 22 of the mortgage agreement, which required service of a notice of default as a condition precedent to the acceleration of the mortgage.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellant and for an order of reference. In an order dated June 21, 2016, the Supreme Court granted those branches of the plaintiff's motion. Subsequently, in an order dated September 20, 2018, the court granted the plaintiff's motion for a judgment of foreclosure and sale. The court also issued a judgment of foreclosure and sale dated September 20, 2018. The appellant appeals from both orders and the judgment and foreclosure and sale.
When a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it was either the holder or assignee of the underlying note at the time the action was commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Wells Fargo Bank, N.A. v Osias, 156 AD3d 942). Here, the plaintiff established, prima facie, its standing by demonstrating that it was the holder of the note at the time the action was commenced, as evidenced by its attachment of the note, endorsed in blank, to the complaint at the time the action was commenced (see U.S. Bank N.A. v Offley, 170 AD3d 1240, 1241; Deutsche Bank Natl. Trust Co. v Nair, 170 AD3d 658; U.S. Bank N.A. v Henry, 157 AD3d 839, 841; Wells Fargo Bank, N.A. v Osias, 156 AD3d at 942).
However, the plaintiff failed to establish, prima facie, that it complied with the condition precedent contained in section 22 of the mortgage agreement regarding the notice of default. The plaintiff's submissions did not establish that the notice was sent by first class mail or actually delivered to the notice address if sent by other means, as required by the terms of the mortgage agreement (see Emigrant Bank v Myers, 147 AD3d 1027, 1028; Nationstar Mtge., LLC v Dimura, 127 AD3d 1152, 1153; Wells Fargo Bank, N.A. v Eisler, 118 AD3d 982, 983). Since the plaintiff failed to meet its prima facie burden, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellant and for an order of reference, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Nationstar Mtge., LLC v Dimura, 127 AD3d at 1153).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
LEVENTHAL, J.P., ROMAN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court