Wells Fargo Fin. Credit Servs. N.Y., Inc. v Linane (2020 NY Slip Op 03689)





Wells Fargo Fin. Credit Servs. N.Y., Inc. v Linane


2020 NY Slip Op 03689


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-05881
2019-08707
 (Index No. 135236/16)

[*1]Wells Fargo Financial Credit Services New York, Inc., respondent, 
v
Kevin Linane, appellant, et al., defendants.


C. Cardillo, P.C., Brooklyn, NY (Christopher Cardillo of counsel), for appellant.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kevin Linane appeals from (1) an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated June 16, 2017, and (2) a judgment of foreclosure and sale of the same court dated May 13, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Kevin Linane, to strike that defendant's answer, and for an order of reference. The judgment of foreclosure and sale, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated June 16, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In March 2016, the plaintiff commenced this action against, among others, the defendant Kevin Linane (hereinafter the defendant) to foreclose a mortgage on real property in Staten Island. The defendant answered and, thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In an order dated June 16, 2017, the Supreme Court, inter alia, granted the plaintiff's motion. Thereafter, in May 2019, the court entered a judgment of foreclosure and sale. The defendant appeals.
Contrary to the defendant's contention, the plaintiff demonstrated, prima facie, that it had standing to commence the action (see Bank of N.Y. Mellon v Viola, 181 AD3d 767, 769; U.S. [*2]Bank N.A. v Offley, 170 AD3d 1240, 1241). In support of its motion, the plaintiff submitted a copy of the note, endorsed in blank, that was annexed to the complaint at the time the action was commenced (see Bank of N.Y. Mellon v Viola, 181 AD3d at 769; U.S. Bank N.A. v Offley, 170 AD3d at 1241). Indeed, the defendant does not dispute that the note was annexed to the complaint as an exhibit. In opposition, the defendant failed to raise a triable issue of fact.
In addition, this action is not time-barred. Contrary to the defendant's contention, the language in a March 2010 letter of default received by the defendant was conditional and only expressed an intent to accelerate (see U.S. Bank N.A. v Gordon, 176 AD3d 1006, 1008; Milone v US Bank N.A., 164 AD3d 145, 152). Since acceleration of the full amount of the debt occurred when the plaintiff filed the summons and complaint in this action, this action was timely with respect to any unpaid monthly mortgage payments that were due within the six years prior to the commencement of the action (see Ditech Fin., LLC v Reiss, 175 AD3d 618, 620; Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754).
The defendant's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference.
RIVERA, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court