Bayview Loan Servicing, LLC v Leibowitz (2020 NY Slip Op 03886)





Bayview Loan Servicing, LLC v Leibowitz


2020 NY Slip Op 03886


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-12558
2017-12560
 (Index No. 500919/15)

[*1]Bayview Loan Servicing, LLC, respondent,
v
Leopold Leibowitz, appellant, et al., defendants.


The Mortner Law Office, New York, NY (Moshe Mortner of counsel), for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt and Jason P. Dionisio of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Leopold Leibowitz appeals from two orders of the Supreme Court, Kings County (Noach Dear, J.), both entered September 12, 2017. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Leopold Leibowitz and for an order of reference. The second order, insofar as appealed from, granted the same relief as the first order and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In January 2015, the plaintiff commenced this action to foreclose on a mortgage, which was security for a note executed by the defendant Leopold Leibowitz (hereinafter the defendant) promising to repay a loan in the sum of $350,000. According to the plaintiff, in November 2005, the defendant executed and delivered the note to nonparty JPMorgan Chase Bank, N.A. (hereinafter the lender). The mortgage was on property in Brooklyn. The note was endorsed in blank by the lender.
The plaintiff also alleged that the defendant had failed to make the installment payment due June 1, 2008, and all installments due thereafter. A copy of the note, endorsed in blank, was attached as an exhibit to the complaint. In his answer, the defendant asserted, among his affirmative defenses, that the plaintiff lacked standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and to appoint a referee to compute the amount due to the plaintiff. The defendant opposed the motion and cross-moved to dismiss the complaint insofar as asserted against him on the ground that the plaintiff lacked standing.
By order entered September 12, 2017, the Supreme Court granted the plaintiff's motion in its entirety and denied the defendant's cross motion to dismiss the complaint insofar as asserted against him. In a second order, entered that same day, the court, among other things, also granted the plaintiff's motion and appointed a referee to ascertain and compute the amount due to the plaintiff. The defendant appeals from both orders to the extent the orders granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted [*2]against him and for an order of reference, and appointed a referee.
A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828). " Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident'" (U.S. Bank N.A. v Mezrahi, 169 AD3d 952, 953, quoting U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754).
Here, contrary to the defendant's contention, the plaintiff established, prima facie, that it had standing to prosecute this action by demonstrating that it was in physical possession of the note, endorsed in blank, which was annexed to the complaint, at the time this action was commenced (see U.S. Bank N.A. v Auguste, 173 AD3d 930, 933; U.S. Bank N.A. v Offley, 170 AD3d 1240, 1241). Since the plaintiff demonstrated its physical possession of the note at the time of commencement of the action by attaching a copy of the note to the complaint, it was not required to offer proof of a written assignment of the underlying note (see Deutsche Bank Natl. Trust Co. v Whalen, 107 AD3d 931, 932). Moreover, "[t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it (see UCC 3-204[2]). [It also] is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645).
In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact (see id. at 645).
Accordingly, we affirm the orders insofar as appealed from.
SCHEINKMAN, P.J., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court