Wilmington Sav. Fund Socy., FSB v Hershkowitz (2020 NY Slip Op 07427)





Wilmington Sav. Fund Socy., FSB v Hershkowitz


2020 NY Slip Op 07427


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JEFFREY A. COHEN
HECTOR D. LASALLE, JJ.


2018-09038
 (Index No. 712921/16)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent,
v
Menuchem Hershkowitz, appellant, et al., defendants. IM Law Group, P.C., Cedarhurst, NY (Igor Meystelman of counsel), for appellant.


Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Menuchem Hershkowitz appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered May 10, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Menuchem Hershkowitz, in effect, for summary judgment dismissing that defendant's affirmative defenses, and for an order of reference.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Menuchem Hershkowitz, in effect, for summary judgment dismissing that defendant's affirmative defense alleging failure to comply with RPAPL 1304, and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On June 28, 2004, the defendant Menuchem Hershkowitz (hereinafter the defendant) executed and delivered to Fairmont Funding, Ltd. (hereinafter Fairmont), a note promising to repay a loan in the amount of $346,080. On the same day, as security for the loan, the defendant executed and delivered to Mortgage Electronic Registration Systems, Inc., as nominee for Fairmont, a mortgage encumbering real property located in Far Rockaway.
On October 28, 2016, the plaintiff commenced this action to foreclose the mortgage, alleging, inter alia, that the defendant had defaulted in making his mortgage payment due on September 1, 2010, and all payments due thereafter. The defendant joined issue by filing an answer generally denying the allegations in the complaint and raising affirmative defenses, including lack of standing and failure to comply with RPAPL 1304 and 1306.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, in effect, for summary judgment dismissing the defendant's affirmative defenses, and for an order of reference. The defendant opposed the motion. The Supreme Court granted those branches of the plaintiff's motion, and the defendant appeals.
We agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was, in effect, for summary judgment dismissing the affirmative defense alleging lack of standing. "Where, as here, a defendant raises lack of standing as a defense, the plaintiff bears the burden of demonstrating its standing" (U.S. Bank N.A. v Echevarria, 171 AD3d 979, 980; see HSBC Bank USA, N.A. v Tigani, 185 AD3d 796, 798-799). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Bayview Loan Servicing, LLC v Leibowitz, 185 AD3d 769, 770-771). Here, the plaintiff established, prima facie, that it had standing to prosecute this action by demonstrating that it was in physical possession of the note, endorsed in blank, which was annexed to the complaint, at the time the action was commenced (see Bayview Loan Servicing, LLC v Leibowitz, 185 AD3d at 771; Wells Fargo Fin. Credit Servs. N.Y., Inc. v Linane, 185 AD3d 630). In opposition, the defendant failed to raise a triable issue of fact as to the plaintiff's standing. Since standing was established by the annexation of the note to the complaint, the admissibility and sufficiency of the affidavit of the loan servicer's employee is irrelevant (see U.S. Bank N.A. v Seeley, 177 AD3d 933, 935). Further, inasmuch as the mortgage "passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362), the validity and timing of various assignments of the mortgage are irrelevant to the issue of standing (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; U.S. Bank N.A. v Combs, 177 AD3d 1014, 1016).
We also agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was, in effect, for summary judgment dismissing the affirmative defense alleging failure to comply with RPAPL 1306. The copy of the proof of filing statement pursuant to RPAPL 1306 from the New York State Department of Financial Services, submitted by the plaintiff in support of its motion, was sufficient to establish, prima facie, the plaintiff's compliance with the filing requirements of that statute (see PennyMac Corp. v Arora, 184 AD3d 652, 656). In opposition, the defendant failed to raise a triable issue of fact.
However, we agree with the defendant that the plaintiff failed to demonstrate the absence of triable issues of fact as to its strict compliance with RPAPL 1304. "In a residential foreclosure action, a plaintiff moving for summary judgment must tender sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 669 [internal quotation marks omitted]). RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1135 [internal quotation marks omitted]; see RPAPL 1304[2]). Strict compliance with RPAPL 1304 is a condition precedent to the commencement of a foreclosure action (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 103). Proof of the requisite mailings "can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21 [internal quotation marks omitted]; see U.S. Bank N.A. v Bochicchio, 179 AD3d at 1136; Bank of Am., N.A. v Bittle, 168 AD3d 656, 658).
Here, in support of its motion, the plaintiff submitted an affidavit of Lucy Babik, a contested foreclosure specialist at Selene Finance, LP (hereinafter Selene), the loan servicer for the plaintiff, and copies of two 90-day notices and their corresponding envelopes addressed to the defendant. In addition, with respect to the notices sent by certified mail, the plaintiff also submitted copies of domestic return receipts, copies of United States Postal Service tracking information demonstrating the sending, attempted delivery to the defendant, and return to sender of the notice by certified mail, and the dates of those events, and a copy of the domestic return receipt indicating the failed attempt to deliver the notice. These documents, together with the envelope stamped with [*2]"certified mail" and "return receipt requested," and the corresponding notice bearing a 20-digit number identical to the 20-digit bar code on the envelope, constituted admissible evidence sufficient to establish, prima facie, the actual mailing of the required notice by certified mail (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21).
However, with respect to the mailing by first-class mail, "[t]he presence of 20-digit numbers on the copies of the 90-day notices submitted by the plaintiff, standing alone, did not suffice to establish, prima facie, proper mailing under RPAPL 1304" (CitiMortgage, Inc. v Osorio, 174 AD3d 496, 498; see U.S. Bank N.A. v Offley, 170 AD3d 1240, 1242; Deutsche Bank Natl. Trust Co. v Heitner, 165 AD3d 1038, 1039). As to Babik's affidavit, not only did Babik "not attest to personal knowledge of the mailing [or] set forth any details regarding [Selene's] mailing practices or procedures" (M & T Bank v Biordi, 176 AD3d 1194, 1196), she did not aver that a 90-day notice was sent in accordance with the statute (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 867). Instead, contrary to the plaintiff's contention, Babik's affidavit did not refer at all to RPAPL 1304, but stated only that attached as Exhibit "C" to her affidavit was "the Notice of Default and Demand that was sent to the mortgagor(s) pursuant to the terms and conditions of the subject mortgage," which was "sent to the mortgagor(s) and not returned as undeliverable." Since the plaintiff failed to provide evidence of the actual mailing by first-class mail, "or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure," the plaintiff failed to establish, prima facie, that it complied with RPAPL 1304 (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d at 867). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, in effect, for summary judgment dismissing the affirmative defense alleging failure to comply with RPAPL 1304, and for an order of reference.
The defendant's statute of limitations argument is improperly raised for the first time on appeal and is predicated upon a document that was not submitted to the Supreme Court and should not have been included in the record on appeal.
SCHEINKMAN, P.J., BALKIN, COHEN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court